FILED
6/16/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEJUAN BRYANT, also known as "Beeda,"<br>JAMARI GOODMAN, also known as "Skeeda,"<br>JOSEPH ALBERT HEATH, also known as "Jody Jo,"<br>MATTHEW FURDGE, also known as "Poodah,"<br>KEWANN WHITAKER, also known as "Santana,"<br>IGOR DZE, also known as "England," and<br>KHIRY STRICKLAND, also known as "Ree" | Case No. 24-CR-526<br><br>JUDGE DANIEL<br>MAGISTRATE JUDGE WEISMAN<br><br>Violations: Title 21, United States Code, Sections 841(a)(1) and 846; Title 18, United States Code, Section 924(c)(1)(A)<br><br>**Superseding Indictment**<br><br>**UNDER SEAL** |

### COUNT ONE

The SPECIAL APRIL 2025 GRAND JURY charges:

1. Beginning no later than on or about January 5, 2023, and continuing until on or about November 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEJUAN BRYANT, also known as "Beeda,"
JAMARI GOODMAN, also known as "Skeeda,"
JOSEPH ALBERT HEATH, also known as "Jody Jo,"
MATTHEW FURDGE, also known as "Poodah,"
KEWANN WHITAKER also known as "Santana,"
IGOR DZE, also known as "England,"
KHIRY STRICKLAND, also known as "Ree,"

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance

containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

  2. It was part of the conspiracy that certain defendants and coconspirators operated, supplied, and managed a marijuana market on the 1200 block of W. 73rd Place in Chicago.

  3. It was further part of the conspiracy that certain defendants and coconspirators organized armed security on the 1200 block of W. 73rd Place in order to protect the conspiracy's drug trafficking activities and proceeds of those drug trafficking activities.

  4. It was further part of the conspiracy that certain defendants and coconspirators, armed with firearms, acted as armed security on the 1200 block of W. 73rd Place in order to protect the conspiracy's drug trafficking activities and proceeds of those drug trafficking activities.

  5. It was further part of the conspiracy that certain defendants and coconspirators stored marijuana, for later sale, and firearms, to be used to protect the conspiracy's drug trafficking activities and proceeds of those drug trafficking activities, in houses located in the vicinity of the 1200 block of W. 73rd Place and elsewhere.

  6. With respect to KEJUAN BRYANT, the offense involved over 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; and

  7. With respect to JAMARI GOODMAN, JOSEPH ALBERT HEATH, MATTHEW FURDGE, KEWANN WHITAKER, IGOR DZE, and KHIRY

STRICKLAND, the offense involved over 100 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance.

All in violation of Title 21, United States Code, Section 846.

## **COUNT TWO**

The SPECIAL APRIL 2025 GRAND JURY further charges:

On or about November 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division,

KEJUAN BRYANT, also known as "Beeda,"

defendant herein, did knowingly and intentionally possess with intent to distribute a controlled substance, namely, a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The SPECIAL APRIL 2025 GRAND JURY further charges:

On or about November 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division,

>KEJUAN BRYANT, also known as "Beeda,"
>JAMARI GOODMAN, also known as "Skeeda," and
>JOSEPH ALBERT HEATH, also known as "Jody Jo,"

defendants herein, did knowingly possess a firearm in furtherance of a drug trafficking crime for which they each may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of Title 21, United States Code, Section 846, as charged in Count One of this Superseding Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

**FORFEITURE ALLEGATION**

The SPECIAL APRIL 2025 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and 846, as set forth in this Superseding Indictment, defendants shall forfeit to the United States of America any property that constitutes and is derived from proceeds obtained, directly and indirectly, as a result of the offense, as well as any property used and intended to be used in any manner and part, to commit and to facilitate the commission of the offense, as provided in Title 21, United States Code, Section 853(a), including, but not limited to, approximately $136,463 in United States Currency.

2. In addition, as a result of their violation of Title 18, United States Code, Section 924(c)(1)(A), as set forth in Count Three of this Superseding Indictment, defendants KEJUAN BRYANT, JAMARI GOODMAN, and JOSEPH ALBERT HEATH shall forfeit to the United States, pursuant to Title 18 United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property involved in the charged offense, including, but not limited to, the following: (a) a Sig Sauer P365 9mm semiautomatic pistol, bearing serial number 66B622159; (b) a Ruger LCP .380 caliber semiautomatic pistol, bearing serial number 372331082; (c) a Glock 17 9mm semiautomatic pistol, bearing serial number BFZU351; (d) a Beretta APX 9mm semiautomatic pistol, bearing serial number A132227X; (e) a Glock 27 .40 caliber semiautomatic pistol with an obliterated serial number; (f) a 9mm semiautomatic pistol without a make, model, or serial number; (g) an Anderson Manufacturing AM-15 semiautomatic rifle, bearing serial number

21023873; (h) a Beretta .32 caliber semiautomatic pistol, bearing serial number 229373; (i) a Glock 43 9mm semiautomatic pistol, bearing serial number BZVX149; (j) a Glock 22 .40 caliber semiautomatic pistol, bearing serial number KNT910; (k) a Ruger 23 .22 caliber semiautomatic pistol, bearing serial number 228567; (l) a Smith & Wesson M&P Shield Plus 9mm semiautomatic pistol, bearing serial number JKZ6856; (m) an AR-15-style semiautomatic pistol without a make, model, or serial number; (n) an M+M Industries M10-762P 7.62mm caliber semiautomatic pistol, bearing serial number DF-4168-20 ROA; (o) a Zastava PAP M85 PV 5.56 caliber semiautomatic pistol, bearing serial number NP001221; (p) an Anderson Manufacturing AM-15 semiautomatic rifle, bearing serial number 20294151; and associated ammunition.

3. If any of the property described above, as a result of any act or omission by defendants cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

                              A TRUE BILL:

                              _____
                              FOREPERSON

_____
UNITED STATES ATTORNEY